The Honorable Jim Morrison State Representative, 121st District P.O. Box 366 Colby, Kansas 67701
Dear Representative Morrison:
You inquire whether 1999 Substitute for Senate Bill No. 287 (S.B. 287) creates a conflict with K.S.A. 82a-1028(n). Specifically, you ask whether groundwater management districts (GMDs) may continue, after March 1, 2000, to develop local standards and policies as authorized by the Kansas Groundwater Management District Act.
New Section 12 of S.B. 287 states:
 "(b) (1) On or before March 1, 2000, each groundwater management district shall submit to the chief engineer of the division of water resources of the department of agriculture recommended rules and regulations containing all current standards, statements of policy and general orders that: (A) Have been issued or adopted by such district; (B) are of general application within the district and have the effect of law; and (C) are not contained in current rules and regulations adopted by the chief engineer.
 "(2) If any standard, statement of policy or general order described in subsection (b)(1) is not submitted as required by that subsection, such standard, statement of policy or general order shall be void and of no effect after March 1, 2000, until adopted by rules and regulations."
The new section requires GMDs to submit adopted local rules, standards, statements of policy and orders which have the effect of law and are not already contained in rules adopted by the Chief Engineer, and it makes void those that are not in compliance by March 1, 2000.
The language of the statute appears plain; we will, for this reason, utilize the overriding principle of statutory construction that if legislative intent can be ascertained from the plain language of the statute, it governs and must be given effect.[1] The plain language of S.B. 267 clearly mandates submission of local standards and policies to the Chief Engineer in order to consolidate all of the standards, policies and orders having the effect of law into a unified set of rules adopted and filed in accordance with K.S.A. 77-420.[2]
At issue is whether this mandate to consolidate conflicts with the power of GMDs to adopt local standards and policies as authorized by the Kansas Groundwater Management District Act after March 1, 2000. Two subsections in K.S.A. 82a-1028 are pertinent.
K.S.A. 82a-1028(n) authorizes GMDs to:
 "adopt, amend, promulgate, and enforce by suitable action, administrative or otherwise, reasonable standards and policies relating to the conservation and management of groundwater within the district which are not inconsistent with the provisions of this act or article 7 of chapter 82a of the Kansas Statutes Annotated, and all acts amendatory thereof or supplemental thereto;. . . ."
In our opinion, S.B. 287 does not conflict with the authority of GMDs to adopt local standards and policies, but it does redefine what standards and policies must be submitted as recommended regulations pursuant to K.S.A. 82a-1028(o).[3] The standards and policies which must be submitted for filing as regulations are those that 1) have been adopted by a GMD; (2) are of general application within the district and have the effect of law; and 3) are not otherwise contained in current regulations promulgated by the Chief Engineer. The legislation does not abrogate the power of a GMD to develop and adopt local standards not of general application and not having the effect of law. In addition to defining what standards and policies must be recommended, the legislation reiterates the existing requirement found in K.S.A.82a-1028(o), which authorizes a GMD to:
 "recommend to the chief engineer rules and regulations necessary to implement and enforce policies of the board. Such rules and regulations shall be of no force and effect unless and until adopted by the chief engineer to implement the provisions of article 7 of chapter 82a of the Kansas Statutes Annotated, and all acts amendatory thereof or supplemental thereto. All such regulations adopted shall be effective only within a specified district;. . . ."
Reiterating the existing requirement found in K.S.A. 82a-1028(o), it is plain to see how S.B. 287 redefines what standards must be submitted to the Chief Engineer in order to comply with K.S.A.82a-1028(o) and S.B. 287. In conclusion, New Section 12 of S.B. 287 requires consolidation into rule and regulation those GMD standards and policies of general application which have the effect of law and are not contained in current promulgated regulations, and it voids those standards not in compliance. The legislation thus redefines what standards and policies must be submitted to the Chief Engineer as recommended regulations pursuant to K.S.A. 82a-1028(o). The legislation does not abrogate the power of a GMD to develop other local standards.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Guen Easley Assistant Attorney General
CJS:JLM:GE:jm
[1] State v. Scherzer, 254 Kan. 926 (1994).
[2] See New Section 12(a)(1) (by November 1999, the Chief Engineer is required to submit all current standards, policy and orders as rules and regulations for filing in accordance with K.S.A. 77-420).
[3] See Bruns v. Kansas State Board of TechnicalProfessions, 255 Kan. 728, 733 (1994) (internal policy having the effect of law but not promulgated as a rule and regulation is not enforceable.)